UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-0205 (PLF) |
| | ) | |
| DANTE NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Dante Nicholson's (1) Motion for Reconsideration of Bond or Temporary Release under Severe Restrictions upon Eventual Sentencing [Dkt. No. 35]; and (2) Motion for Temporary Release Due to Pandemic [Dkt. No. 37]. The government opposes both motions. See Government's Opposition to Defendant's Request for Review of Order of Detention [Dkt. No. 38]. Largely for the reasons set forth in the government's opposition, the Court will deny the motions.

On July 30, 2019, the defendant, Dante Nicholson, entered a plea to a one-count Information [Dkt. No. 21], charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a). The Statement of Offense [Dkt. No. 24] that accompanied the plea sets forth the conduct in which Mr. Nicholson acknowledges he engaged. As he also acknowledged at the time of the plea hearing, this offense is subject to a statutory mandatory minimum of fifteen years, meaning the Court must sentence Mr. Nicholson to at least fifteen years in prison. Furthermore, Mr. Nicholson was on probation at the time he committed the instant offense. No

sentencing date has yet been set because of a change of defense counsel and limited opportunities for defendants at the D.C. Jail to meet with their counsel via video.

Mr. Nicholson asks that he be temporarily released from the D.C. Jail/CTF due to the pandemic and that he be placed on house arrest at his mother's house in the District of Columbia with electronic monitoring. He says he is at increased risk for COVID-19 due to hypertension and obesity. Indeed, Mr. Nicholson once tested positive for COVID-19, but did not experience any of the typical symptoms; so – as he acknowledges – the positive test may not have been accurate. Furthermore, the D.C. Jail reports that there currently are no positive cases of COVID-19 at the D.C. Jail or CTF.

The government opposes Mr. Nicholson's motions for reasons with which the Court largely agrees. The facts of this case are especially egregious, and the Court has no confidence that Mr. Nicholson would not be a danger to persons in the community if he were released. See 18 U.S.C. § 3142(e)(3). And it surely cannot find by clear and convincing evidence that he is not likely to pose a danger if released. 18 U.S.C. § 3143(a)(2)(b). Even if possible, home confinement with electronic monitoring would not be an adequate protection because much of Mr. Nicholson's criminal conduct in this case was internet-based and was apparently committed from home. Further, defendant was on probation at the time he committed the offense in question. In these circumstances, it would be very difficult for Pretrial Services to adequately monitor him on home confinement.

Rather than grant the motions, the Court urges counsel to promptly file comments and objections to the draft Presentence Investigation Report, so it can be finalized, and then to file their own sentencing memoranda. The Court thereafter will promptly schedule the matter for sentencing. For these reasons, it is hereby

2

ORDERED that defendant's (1) Motion for Reconsideration of Bond or Temporary Release under Severe Restrictions upon Eventual Sentencing [Dkt. No. 35], and (2) Motion for Temporary Release Due to Pandemic [Dkt. No. 37] are DENIED.

SO ORDERED.

___/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 26, 2020